UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0194-B |
| | § | |
| DULCE GARCIA (1), | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dulce Garcia's Motion for Reduction in Term of Imprisonment (Doc. 133). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On September 3, 2015, Defendant Dulce Garcia was charged by information with conspiracy to commit money laundering. Doc. 46, Information, 1. Thereafter, Garcia pleaded guilty to this charge, and she was sentenced to 200 months of imprisonment and three years of supervised release. *See* Doc. 49, Plea Agreement; Doc. 82, Order; Doc. 114, Judgment, 2–3. She is currently thirty-three years old, and she is confined at the Tallahassee Federal Correctional Institute, with a scheduled release date of June 27, 2029.[1]

On June 9, 2020, Garcia filed a Motion for Reduction in Term of Imprisonment (Doc. 133).

---

[1] The Court accessed this information by searching for Garcia on the Bureau of Prisons' Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

Garcia's motion, premised primarily upon the COVID-19 pandemic and the Court's authority under 18 U.S.C. § 3582(c)(1)(A)(i), seeks a reduction in Garcia's sentence "to time served" or to "time served" with the remainder of her sentence consisting of supervised release. *See* Doc. 133, Def.'s Mot., 1–2. As explained below, the Court **DENIES** Garcia's motion **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons (BOP)] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(I)) (footnote omitted). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Section 3582(c)(1)(A)'s exhaustion requirement is "a glaring roadblock foreclosing compassionate release" where "BOP has not had thirty days to consider [the defendant's] request to move for compassionate release on [her] behalf" or if "there has been no adverse decision by BOP for [the defendant] to administratively exhaust within that time period." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *see, e.g.*, *United States v. Orellana*, 2020 WL 1853797, at *1 (S.D. Tex. Apr. 10, 2020). Nonetheless, "several courts have concluded that [the exhaustion] requirement is not absolute and that it can be waived by the government or by the court, therefore justifying an exception in the unique circumstances of the COVID-19 pandemic." *Valentine v. Collier*, 956 F.3d

797, 807 (5th Cir. 2020) (per curiam) (Higginson, J., concurring) (citations omitted).

## III.

## ANALYSIS

In sum, the Court denies Garcia's request for a sentence reduction, because she has not demonstrated exhaustion of her administrative remedies or circumstances justifying an exception to the exhaustion requirement. Further, regardless of the exhaustion issue, Garcia's motion fails to demonstrate extraordinary circumstances under § 3582(c)(1)(A). Moreover, though Garcia also requests home confinement in lieu of imprisonment, the Court lacks the authority to modify her conditions in this manner. Lastly, to the extent Garcia moves for a sentence reduction based on a change in legal authority after her sentence was imposed, Garcia has failed to sufficiently explain this argument; thus, the Court denies this request as well.

A.  *Garcia Has Failed to Provide Proof of Exhaustion of Administrative Remedies or Circumstances Warranting an Exception.*

Though Garcia asserts that she has exhausted her administrative remedies by requesting relief from the Warden, she provides no proof of exhaustion. *See* Doc. 133, Def.'s Mot., 3 (directing the Court to "see attached document," but failing to attach a document). Additionally, as explained below in the Court's discussion of the merits of Garcia's motion, Garcia has not persuaded the Court that Garcia faces unique circumstances warranting an exception to § 3582(c)(1)(A)'s exhaustion requirement.

Due to Garcia's failure to exhaust her administrative remedies or justify an exception to the exhaustion requirement, the Court **DENIES** Garcia's motion for reduction **WITHOUT PREJUDICE** to re-filing after the BOP has had the first opportunity to consider Garcia's request.

B.     *Irrespective of Exhaustion, Garcia Fails to Demonstrate Extraordinary Circumstances.*

Regardless of Garcia's failure to exhaust her administrative remedies, however, Garcia has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. n.1.[2]

Applying the policy statement here, Garcia's motion does not present "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

First, Garcia relies upon the "unprecedented" effect of COVID-19 to justify her requested sentence reduction. Doc. 133, Def.'s Mot., 2. To support this argument, she points out actions taken by executive officials as a result of COVID-19. *Id.* Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Garcia. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Thus, this argument fails to justify Garcia's requested relief.

Garcia also points to her lack of violence and time already served as circumstances

---

[2] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

warranting a sentence reduction. Doc. 133, Def.'s Mot., 2. She further asserts that if sentenced today, she would receive a sentence fifty-percent lower than the 200-month sentence imposed by this Court. *Id.* at 3. But, again, these circumstances fall well below the threshold for a reduction in light of the applicable policy statement, which focuses on a defendant's personal circumstances. *See* § 1B1.13(1)(A) cmt. n.1.

Finally, Garcia asserts that there is one case of COVID-19 among the staff of her facility and that she is "vulnerable due to the lack of oxygen and ventilation because [of] the 24 hour[] lockdown." Doc. 133, Def.'s Mot., 2. Though the Court understands Garcia's fear of contracting COVID-19, this generalized concern too fails to warrant compassionate release, because it lacks specificity to Garcia. *See Delgado*, 2020 WL 2542624, at *3.

Accordingly, aside from the exhaustion issue, Garcia's motion fails because she has not shown "extraordinary and compelling reasons" for her requested relief. *See* § 3582(c)(1)(A).

C.   *The Court Lacks the Authority to Order Home Confinement Instead of Imprisonment.*

Garcia also seeks to "be placed under the BOP home confinement program," Doc. 133, Def.'s Mot., 2, but the Court lacks the authority to grant this request. Rather, "such requests are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citations omitted). Thus, the Court cannot consider transfer of Garcia to home confinement.

D.  *To the Extent Garcia Seeks a Sentence Reduction Based on Another Section of the First Step Act or Changes in the Sentencing Guidelines, Garcia has Not Adequately Explained the Basis for this Request.*

Finally, insofar as Garcia seeks a reduction in sentence based on an intervening change in legal authority pertaining to sentencing, Garcia has not properly supported such a request. As mentioned above, Garcia states that if she "had been sentenced following the First Step Act, and/or all the new [United States Sentencing Guidelines] amendments the sentence would be 50% lower than the 200 months of imprisonment that she is serving now." Doc. 133, Def.'s Mot., 3.

 The Court construes this assertion as an argument seeking a reduction in sentence under either: (1) 18 U.S.C. § 3582(c)(2), which permits courts to reduce a term of imprisonment if the defendant "has been sentenced to a term . . . based on a sentencing range that has been subsequently lowered"; or (2) another provision of the First Step Act.

But the policy statement applicable to § 3582(c)(2), U.S.S.G. § 1B1.10, clarifies that the authority conferred by § 3582(c)(2) extends only to sentences affected by certain amendments to the sentencing guidelines. *See* § 1B1.10(d). And here, Garcia has not explained which, if any, of these amendments would provide the fifty-percent reduction in sentence she mentions. *See* Doc. 133, Def.'s Mot., 3. Likewise, Garcia does not point to any provision of the First Step Act authorizing a reduction in her sentence.

Thus, to the extent Garcia seeks a reduction in sentence on a ground independent of § 3582(c)(1)(A), the Court **DENIES** her motion **WITHOUT PREJUDICE** based on her failure to adequately support this request.

## IV.

## CONCLUSION

Based on Garcia's failure to show proof of exhaustion of administrative remedies, the Court denies Garcia's request to reduce her sentence pursuant to § 3582(c)(1)(A). Even if Garcia had satisfied the exhaustion requirement, her motion does not demonstrate extraordinary and compelling reasons for a sentence reduction. Moreover, insofar as Garcia asks the Court to impose home confinement, the Court lacks the authority to do so. Finally, to the extent Garcia seeks a reduction in sentence on other grounds, she has not properly supported such a request. For all of these reasons, the Court **DENIES** Garcia's motion (Doc. 133) **WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: June 16, 2020.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE