UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0194-B-1 |
| | § | |
| DULCE GARCIA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dulce Garcia's Motion for Compassionate Release (Doc. 135). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

## I.

## BACKGROUND

On September 3, 2015, Defendant Dulce Garcia was charged by information with conspiracy to commit money laundering. Doc. 46, Information, 1. Thereafter, Garcia pleaded guilty to this charge, and she was sentenced to 200 months of imprisonment and three years of supervised release. *See* Doc. 114, J., 2–3. She is currently thirty-three years old, and she is confined at the Tallahassee Federal Correctional Institute (FCI), with a scheduled release date of June 27, 2029.[1]

On January 20, 2021, Garcia filed a Motion for Compassionate Release (Doc. 135). In her motion, Garcia raises generalized concerns about the risk of contracting COVID-19 and suffering a severe infection. Doc. 135, Def.'s Mot., 2. Garcia asks the Court to transfer her to the custody of

---

[1] The Court accessed this information from the Bureau of Prisons' Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

the Immigration and Customs Enforcement (ICE), which would deport her to Mexico, where, according to Garcia, she would remain on home confinement. *Id.* As explained below, the Court **DENIES** Garcia's motion **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the [Bureau of Prisons (BOP)] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(I)) (footnote omitted). The Court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## III.

## ANALYSIS

In sum, the Court denies Garcia's request for a sentence reduction because she fails to demonstrate proof of exhaustion, and she does not establish extraordinary and compelling circumstances under § 3582(c)(1)(A). Moreover, to the extent Garcia requests home confinement in lieu of imprisonment, the Court lacks the authority to modify her conditions in this manner.

A.   *Garcia Has Not Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring

a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[2]

Garcia initially filed a motion for compassionate release in June 2020, *see generally* Doc. 133, Def.'s Mot., and the Court denied it in part because Garcia had not proved that she satisfied the exhaustion requirement. Doc. 134, Mem. Op. & Order 3. Now, Garcia states in her pending motion that she was unaware she was required to support her motion with proof that the warden received her internal request for compassionate release. Doc. 135, Def.'s Mot., 1. Thus, she attaches to her pending motion a letter from the warden of her facility dated April 29, 2020, denying Garcia compassionate release. *Id.* at 4. Though this denial clearly establishes that Garcia has requested compassionate release from the warden of her facility, and more than thirty days have passed since the warden received such a request, the Court finds that it does not serve to prove exhaustion here.

As stated above, the warden denied Garcia compassionate release based on COVID-19 concerns in April 2020. *See* Doc. 135, Def.'s Mot., 4. But in the eight months that have passed since April 2020, the prison's circumstances, and thus Garcia's circumstances, have undoubtedly changed. Proof of compliance with § 3582's exhaustion requirement ensures that the BOP has the first opportunity to assess the merits of a defendant's request. *See, e.g.*, *United States v. Moser*, 2020 WL 765998, at *2 (N.D. Tex. Dec. 24, 2020). But the BOP is deprived of that opportunity when a defendant's circumstances have changed since she first requested compassionate release. *See id.*

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

Because Garcia premises her compassionate-release motion on a stale request to the warden, the Court finds that she has not satisfied the exhaustion requirement of § 3582.

B.        *Irrespective of Exhaustion, Garcia Fails to Demonstrate Extraordinary Circumstances.*

Regardless of Garcia's failure to exhaust her administrative remedies, however, Garcia has not shown "extraordinary and compelling reasons" justifying a sentence reduction. *See* § 3582(c)(1)(A). The policy statement applicable to this provision—U.S.S.G. § 1B1.13—"sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family circumstances. *See* § 1B1.13(1)(A) & cmt. n.1.[3] In addition, the defendant must not pose a danger to the community. *See* § 1B1.13(2).

Since the enactment of the First Step Act, district courts in the Fifth Circuit have held that § 1B1.13 is not binding. *See, e.g.*, *United States v. Gonzales*, 2019 WL 5102742, at *2–3 (W.D. Tex. Oct. 10, 2019); *United States v. Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11 (N.D. Tex. Apr. 23, 2020). These courts "consider[] the terms of U.S.S.G. § 1B1.13 while exercising [their] discretion to determine whether the defendant presents an extraordinary and compelling reason for compassionate release." *United States v. Heitman*, 2020 WL 3163188, at *3 (N.D. Tex. June 12, 2020) (citing *Lee*, 2020 U.S. Dist. LEXIS 101815, at *10–11; *see also United States v. Rivas*, —F. App'x—, 2020 WL 6437288, at *2 (5th Cir. 2020) (per curiam) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"). The Court does the same here and concludes that Garcia has not

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

To justify her release, Garcia relies upon the "wave" of COVID-19 cases she expects to hit her prison. Doc. 135, Def.'s Mot., 2. To support this argument, she notes that many federal inmates have died as a result of COVID-19. *Id.* Although the Court acknowledges that the COVID-19 pandemic is unprecedented, its effect on the nation does not demonstrate extraordinary circumstances specific to Garcia. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020) (noting that "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements"). Thus, this argument fails to justify Garcia's requested relief.[4]

Next, Garcia points to her lack of violence and disciplinary reports, as well as her participation in programming, to support her compassionate release. Doc. 135, Def.'s Mot., 1–2. But, again, these circumstances fall well below the threshold for a sentence reduction under § 3582, which requires a defendant's personal circumstances to be extraordinary and compelling. *See* § 3582(c)(1)(A).

Finally, Garcia states in her motion that her "prison is so overcrowded that the Warden opened a condemned building to house more inmates." Doc. 135, Def.'s Mot., 2. She states that two buildings at her facility were affected by a hurricane and describes the attendant damage. *See id.* But Garcia does not allege that she is housed in either of these buildings. Rather, the only complaint she

---

[4] Garcia also points to three cases where other inmates were granted compassionate release either by the warden or by the Court. Doc. 135, Def.'s Mot., 2. She posits that these cases support her release. However, she does not explain how these cases are similar to hers or bind this Court. Moreover, Garcia's arguments based on relief others have received fail to acknowledge that the inquiry on compassionate release focuses on one's *individual* circumstances.

lodges regarding her *own* accommodations is that there is no room for social distancing in her dorm. *Id.* But this does not rise to the level of extraordinary or compelling; nor is it a circumstance unique to Garcia.[5]

Accordingly, aside from the exhaustion issue, Garcia's motion fails because she has not shown "extraordinary and compelling reasons" for her requested relief. *See* § 3582(c)(1)(A).

C.  *The Court Will Not Order Home Confinement or Transfer to ICE Custody.*

Garcia also seeks to be transferred to ICE custody "and be deported to Mexico, where she would be on home confinement and holding a job." Doc. 135, Def.'s Mot., 2. Insofar as Garcia requests to be released on home confinement, the Court lacks the authority to grant this request. Rather, "such requests are properly directed to the [BOP]." *United States v. Sneed*, 63 F.3d 381, 388 n.6 (5th Cir. 1995) (citing 18 U.S.C. § 3624(c)). Indeed, "neither the CARES Act nor the First Step Act authorizes the court to release an inmate to home confinement." *United States v. Miller*, 2020 WL 2514887, at *1 (N.D. Tex. May 15, 2020) (citation omitted). Thus, the Court cannot consider transfer of Garcia to home confinement.

Insofar as Garcia seeks transfer to ICE custody, this request is denied. First, Garcia provides no authority to satisfy the Court that it has the power to order such a transfer of custody. Moreover, Garcia posits that she is subject to "a detainer for deportation." Doc. 135, Def.'s Mot., 2. If this is true, Garcia would necessarily be transferred to ICE custody upon release from prison. But for the reasons explained above, the Court will neither order Garcia released from prison, nor order her

---

[5]In any event, a motion for compassionate release is not the proper vehicle to bring complaints regarding conditions of confinement. Rather, to the extent Garcia wishes to redress particular issues related to her conditions of confinement, she may do so via a civil suit alleging unconstitutional conditions.

transferred to home confinement or ICE custody.

## IV.

## CONCLUSION

Based on Garcia's failure to show proof of exhaustion of administrative remedies, the Court denies Garcia's request to reduce her sentence pursuant to § 3582(c)(1)(A). Even if Garcia had satisfied the exhaustion requirement, her motion does not demonstrate extraordinary and compelling reasons for a sentence reduction. Moreover, insofar as Garcia asks the Court to impose home confinement, the Court lacks the authority to do so, and Garcia points to no authority permitting the Court to transfer her to ICE custody. For all of these reasons, the Court **DENIES** Garcia's motion (Doc. 135) **WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: February 2, 2021.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE