UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:15-CR-0194-B-1 |
| | § | |
| DULCE GARCIA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dulce Garcia's Motion for Compassionate Release (Doc. 137). For the reasons that follow, the Court **DENIES** the motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

On September 3, 2015, Defendant Dulce Garcia was charged by information with conspiracy to commit money laundering. Doc. 46, Information, 1. Thereafter, Garcia pleaded guilty to this charge and was sentenced to 200 months of imprisonment and three years of supervised release. *See* Doc. 114, J., 2–3. She is currently thirty-three years old, and she is confined at the Tallahassee Federal Correctional Institute (FCI), with a scheduled release date of June 27, 2029.[1]

This is Garcia's third motion for compassionate release. *See generally* Doc. 133, Mot.; Doc. 135, Mot.; Doc. 137, Mot. The Court has denied each prior motion on the grounds that Garcia had not demonstrated proof of exhaustion or that extraordinary and compelling reasons warranted her

---

[1] The Court accessed this information from the Bureau of Prisons' Inmate Locator, available at https://www.bop.gov/inmateloc/.

-1-

release. Doc. 134, Order, 3–4; Doc. 136, Order, 2–4. Garcia filed her most recent motion for compassionate release (Doc. 137) on July 26, 2021. In her present motion, Garcia "prays that she has corrected the errors" of her prior motions. Doc. 137, Mot., 1. But, as explained below, Garcia's motion still fails, the Court **DENIES** it **WITHOUT PREJUDICE**.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

In sum, the Court denies Garcia's request for a sentence reduction because she fails to demonstrate proof of exhaustion, and she does not establish extraordinary and compelling circumstances under § 3582(c)(1)(A).

A.   *Garcia's Request for Appointment of Counsel Is Denied.*

As a preliminary matter, Garcia requests appointment of counsel in connection to her present motion for compassionate release. Doc. 137, Mot., 1. This request is denied. Courts in this district have noted that the First Step Act does not provide for the appointment of counsel for those seeking

relief under § 3582(c)(1)(A), and the Fifth Circuit has not addressed the issue. *E.g.*, *United States v. Jackson*, 2020 WL 4365633, at *3 (N.D. Tex. July 30, 2020); *United States v. Dirks*, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020). However, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding § 3582(c)(2) motions are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel)).

These "holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court." *Dirks*, 2020 WL 3574648, at *2. Moreover, there is no constitutional right to counsel for post-conviction relief after the defendant's first direct appeal. *Whitebird*, 55 F.3d at 1011; *United States v. Garcia*, 689 F.3d 362, 364 (5th Cir. 2012). Accordingly, Garcia is not entitled to appointment of counsel in her compassionate-release proceedings.

B.      *Garcia Has Not Satisfied the Exhaustion Requirement.*

Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." § 3582(c)(1)(A).[2]

In support of her present motion, Garcia presents an inmate request form addressed to the

---

[2] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of her compassionate-release request—irrespective of a denial. *See id.* at *5.

warden in which she asks the warden for compassionate release because she is "a first offender, [has a] good prison record, and [has] an excessive sentence, which is being served under harsh conditions, a 24 hour a day lockdown." Doc. 137, Mot., 4. Notably, however, the request form does not reflect *receipt* by the warden of Garcia's request. *See id.* Indeed, the portion of the form designated for the "Signature [of a] Staff Member" is blank. *See id.* Because § 3582(c)(1)(A) requires "receipt" of a compassionate-release request "by the warden of the defendant's facility," the request form that Garcia has submitted is insufficient to prove exhaustion. *See United States v. Ware*, 2021 WL 1662497, at *2 (N.D. Tex. Apr. 28, 2021) (noting the insufficiency of an inmate request form that "bear[ed] no staff signatures at all, let alone the signature of the warden reflecting receipt"). Accordingly, Garcia has not proved she has complied with the § 3582 exhaustion requirement, and he motion is **DENIED** for this reason.

C.   *Irrespective of Exhaustion, Garcia Fails to Demonstrate Extraordinary and Compelling Circumstances.*

Regardless of whether Garcia exhausted his administrative remedies, she has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582 (c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[3] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes extraordinary and compelling reasons for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in a district court's consideration of an inmate's motion in light of *Shkambi*'s holding). Considering Garcia's motion in light of § 1B1.13 and applying its discretion, the Court concludes that Garcia has not provided "extraordinary and compelling reasons" for release. *See* § 3582(c)(1)(A).

---

[3] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1. Additionally, to qualify for a sentence reduction, the defendant must not pose a danger to the community. § 1B1.13(2).

As a preliminary matter, the Court notes that to the extent Garcia raises concerns about the conditions at Tallahassee FCI, those concerns do not give rise to extraordinary and compelling circumstances because they are not individual to Garcia. *United States v. Vargas*, 2021 WL 347586, at *3 (N.D. Tex. Feb. 2, 2021) (noting that conditions at federal prison affect all inmates and thus are not specific to defendant to justify his compassionate release). Thus, Garcia's allegations that Tallahassee FCI "is covered with toxic mold"; "is full of termites and roaches"; "and possibly [has] asbestos" are not relevant to her request for compassionate release to the extent they are intended to be standalone reasons for Garcia's release. Doc. 137, Mot., 1–3.

Regarding Garcia's individual circumstances, Garcia offers three reasons for her release: (1) she is unable to receive needed drug treatment while incarcerated; (2) she is experiencing symptoms of mold exposure; and (3) her sentence is excessive for a first-time offender. Doc. 137, Mot., 1–3. None of these warrant compassionate release for Garcia.

First, Garcia states that because she is a "deportable alien," she "is not eligible to participate" in the BOP's drug treatment program. Doc. 137, Mot., 2. While the Court does not discount Garcia's addiction, inability to participate in prison programs does not constitute an extraordinary and compelling reason for compassionate release. *See United States v. Carrera*, 2021 WL 1966848, at *3 (N.D. Tex. May 17, 2021) (noting that the defendant's "inability to participate in rehabilitative programs may prove frustrating to him, [but] his situation is not urgent, and his release is not necessary").

Second, Garcia states that she suffers "daily headaches, chronic sinusitis, skin irritation, eye irritation, and cognitive symptoms" because of the alleged mold problem at Tallahassee FCI. Doc. 137, Mot., 2. Again, these purported conditions at Tallahassee FCI are not specific to Garcia and do

-6-

not warrant her compassionate release. But the Court will consider the symptoms Garcia alleges as a result of the mold. As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary describes situations where compassionate release may be appropriate. For example, medical conditions of the defendant may warrant release where "[t]he defendant is suffering from a terminal illness" or "suffering from a serious . . . condition, . . . impairment, or . . . deteriorating physical or mental health because of the aging process." § 1B1.13(1)(A) cmt. n.1(A).

While not binding, this commentary is informative as to when circumstances rise to the level of extraordinary and compelling. The Court does not require the exact scenarios described in the commentary to § 1B1.13. However, the Court does require an "extraordinary and compelling" circumstance to involve a comparable degree of necessity and urgency. And Garcia has not shown that her conditions involve necessity and urgency such that compassionate release is warranted. Indeed, Garcia has not provided medical documentation substantiating these alleged medical conditions. *See generally* Doc. 137, Mot. But even if she had, the Court does not find that the ailments Garcia has described rise to the level of necessity and urgency required to obtain compassionate release.

Third and finally, Garcia states that she received an excessive sentence for a first-time offender. *Id.* at 3. Garcia argues that because she was charged with money laundering rather than a drug offense, she was unable to receive a "'safety valve,' which lowers the sentences of first offenders involved in drug offenses." *Id.* Meanwhile, she posits that she fully cooperated with the Government after being charged. *Id.* Garcia speculates that the Government charged her with money laundering

instead of a drug offense "to prevent her from receiving a much lower sentence." *Id.*

Putting aside the issue of whether a compassionate-release motion is the proper vehicle to raise this argument, *see Hooker v. Sivley*, 187 F.3d 680, 681 (5th Cir. 1999) (citation omitted), the Court finds it unavailing. In raising this ground for compassionate release, Garcia ignores that she pleaded guilty to money laundering, thus admitting that she committed the offense of money laundering. Doc. 114, J., 1. Garcia was represented by counsel when she entered this plea. The Court thus does not deem Garcia's alleged inability to receive the safety valve a circumstance warranting her release.

In sum, the Court finds that Garcia has not presented extraordinary and compelling circumstances warranting her release. Her motion for compassionate release is thus **DENIED** on this ground, as well.

## IV.

## CONCLUSION

Garcia is not entitled to appointment of counsel. Moreover, based on Garcia's failure to show proof of exhaustion of administrative remedies, the Court denies Garcia's request to reduce her sentence pursuant to § 3582(c)(1)(A). Even if Garcia had satisfied the exhaustion requirement, her motion does not demonstrate extraordinary and compelling reasons for a sentence reduction. For these reasons, the Court **DENIES** Garcia's motion (Doc. 137) **WITHOUT PREJUDICE**.

**SO ORDERED.**

**SIGNED: July 30, 2021.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE